**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| In re: KEVIN SCOTT ANDERSON and ) <br> SHANNON PAIGE ANDERSON, ) <br> ) <br>     Debtors. ) <br> _____ ) <br> KEVIN SCOTT ANDERSON and ) <br> SHANNON PAIGE ANDERSON, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BANK OF AMERICA, ) <br> ) <br>     Defendant, ) <br> _____ ) | Case No. 10-60510-LYN <br><br> Adv. No. 11-06117 |

## **MEMORANDUM**

This matter comes before the Court on a motion for default judgment filed by Kevin Scott Anderson and Shannon Paige Anderson ("the Plaintiffs") against Bank of America ("the Defendant") seeking damages for violation of the discharge injunction and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq.

*Jurisdiction*

This Court has jurisdiction over complaints asserting a violation of the discharge injunction codified at 11 U.S.C. § 524(a)(2). 28 U.S.C. § 1334(a) & 157(a). Such proceedings are core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order on such matters.

As discussed below, this court does not have jurisdiction over the claims in the complaint that are brought under the Fair Debt Collection Practices Act.

This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*Facts*

On February 25, 2010, the Plaintiffs filed a chapter 13 petition with the Clerk of this Court, initiating the above-styled case. On January 24, 2011, the case was converted to a case under Chapter 7. The Plaintiffs scheduled a debt ("the Debt") owed to Bank of America in the amount of $139,467.00. The chapter 7 trustee filed a no-asset report, so no proofs of claims were filed. On May 15, 2011, the case was closed.

On or about May 1, 2011, the BAC Home Loans Servicing LP, who serviced the Debt for the Defendant, sent a letter ("the Letter") to the Plaintiffs which read in relevant part

> If you do not want us to send your monthly statements in the future, please contact us at [phone number].
>
> This statement is being furnished for informational purposes only and should not be construed as an attempt to collect against you personally. While your obligation to BAC Home Loans Servicing, LP may be discharged by operation of law, BAC Home Loans Servicing, LP has retained the ability to enforce its rights against the property securing this loan should there be a default.
>
> If you are presently involved in a Chapter 13 proceeding, please be advised that you are required to obey all orders of this Court, including those confirming or modifying the terms of your repayment plan. You may disregard the payment information/coupon below to the

2

> extent it conflicts with any order or requirement of the Court.
>
> This is not a statement of the amount necessary to pay off your loan.

The case was re-opened upon motion of the Plaintiffs. On October 24, 2011, the instant complaint was filed asserting violation of the discharge injunction and violation of the Fair Debt Collection Practices Act. No answer was filed. The Clerk entered default. The Plaintiffs filed a motion for default judgment.

### *Discussion.*

When an application is made to the court under rule 55(b)(2) for the entry of judgment by default, the trial court is required to exercise sound judicial discretion in determining whether the judgment should be entered. 10A Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure Civil 2d* § 2685 (1998). Entry of a default judgment is not a matter of right that flow's automatically from a defendant's failure to respond to the complaint, but rather a matter of the court's discretion. *D'Onofrio v. II Mattino*, 430 F.Supp. 431, 437 (D.C. Pa. 2006) *Also see, Lau Ah Yew v. Dulles,* 236 F.2d 415, 416 (9th Cir. 1956) ("It is conceded that the grant or denial of a motion for the entry of a default judgment is within the discretion of the court.")

The Court accepts well-pleaded facts as true, but those facts must give rise under the law to the relief requested, even on a motion for default judgment.

> . . . "[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered. [Footnote omitted] As the Supreme Court stated in the "venerable but still definitive case"[Footnote omitted] of *Thomson v. Wooster* [114, U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1884)] :a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill." 114 U.S. at 113, 5 S.Ct. at 792, 29 L.Ed. at 108. The defendant is not held to admit facts that are not well-pleaded or to admit

> conclusions of law. In short, despite occasional statements to the contrary, [Footnote omitted] a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. [Citations omitted.].

*Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir 1975).

I.

The first cause of action in the complaint asserts that the sending of the Letter constituted a violation of the discharge injunction. A discharge in a case under the Bankruptcy Code operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived. 11 U.S.C. § 524(a)(2).

Although there is no statutory private right of action for a violation of the discharge injunction, Section 105(a) of the Bankruptcy Code permits bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. The Fourth Circuit Court of Appeals has held that Section 105 authorizes a bankruptcy court to hold a party in civil contempt for failing to comply with a previous order. *See Burd V. Walters (In re Walters)*, 868 F.2d 665 (4th Cir. 1989). *Also see Knupfer v. Lindblade (In Re Dyer)*, 322 F.3d 1178, 1196 (9th Cir. 2003). (A bankruptcy court's inherent power allows it to sanction bad faith or willful misconduct, even in the absence of express statutory authority to do so.). This authority includes the authority to hold a party in contempt for violating the discharge order. *See In re Barbour*, 77 B.R. 530, 531 -532 (Bankr. E.D. N.C. 1987) ("Notwithstanding the lack of specific statutory authority in § 524, the bankruptcy court has the authority as a unit of the district court (28 U.S.C. § 151) to which all bankruptcy cases have been referred [by] 28 U.S.C. § 157(a) [and the] General Order of Reference . . . to 'issue

4

any order, process, or judgment that is necessary or appropriate to carry out the provisions' of the Bankruptcy Code. 11 U.S.C. § 105(a). This necessarily includes orders imposing sanctions for violating the discharge injunction."). *Also see In re Cherry*, 247 B.R. 176, 186-187 (Bankr. E.D. Va. 2000) (Section 105(a) "authorizes a bankruptcy court to hold a party in civil contempt for failing to comply with a previous order.")

There appears to be some disagreement among the courts regarding a plaintiff's burden of proof in demonstrating a violation of the discharge injunction.

> The Eleventh Circuit Court of Appeals has held that the willfulness of the violation must be proved by clear and convincing evidence. *See In re Arnold*, [206 B.R. 560, 567 (Bankr. N.D.Ala. 1997)], citing [*Jove Eng'g, Inc. v. I.R.S. (In re Jove Eng'g, Inc.),* 92 F.3d 1539, 1545 (11th Cir.1996)]. There is no suggestion in the case law that the Fourth Circuit Court of Appeals would require such a measure of proof (as opposed to the usual measure of a preponderance of the evidence).

*In re Cherry*, 247 B.R. 176 (Bankr. E.D. Va. 2000). *Also see In re Adams*, 2010 WL 2721205 (Bankr. E.D. N.C. 2010) (Applying the preponderance of the evidence standard.). It is concluded that the burden of proof is on the Plaintiffs to demonstrate by a preponderance of the evidence that the Defendant willfully violated the discharge injunction.

It is not proper for a court to sanction a party under Section 105 unless that party's act is willful. *See In re Hardy*, 97 F.3d 1385, 1390 (11th Cir. 1996). In *Hardy*, the Court wrote:

> This court has stated that "the focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue." *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir.1990) (quoted in *Jov*e, 92 F.3d at 1554). In *Jove*, this court adopted a two-pronged test to determine willfulness in violating the automatic stay provision of § 362. Under this test the court will find the defendant in contempt if it: "(1) knew that the automatic stay was invoked and (2) intended the actions which violated the stay." *Jove*, 92 F.3d at 1555. This test is likewise applicable to determining willfulness for violations of the discharge injunction of § 524.

*Hardy* at 1390. The test in *Hardy* has been adopted by at least two Virginia Bankruptcy Courts.

5

*See Cherry* and *In Re Rountree*, 448 B.R. 389, 418 (Bankr. E.D.Va. 2011) ("In a civil contempt proceeding, the state of mind with which the contemnor violated a court order is irrelevant and therefore good faith, or the absence of an intent to violate the order, is no defense.  As a result, it is consistent to apply the precedents of the Fourth Circuit Court of Appeals concerning the determination of willfulness of a creditor's conduct in an automatic stay violation to measure the culpability of [the defendant's] conduct in his violation of the discharge injunction in the instant case.")

In this instance, the Defendant did not violate the discharge injunction.  There is nothing in the language in the Letter that could possibly be construed as an attempt to collect the Debt as a personal liability of the Plaintiffs.  In fact, the language does just the opposite.  The Letter provides:  "This statement is being furnished for informational purposes only and should not be construed as an attempt to collect against you personally."   Further, the Letter provides that no monthly statement would be sent in the future if the Plaintiffs would simply make one toll-free telephone call.

The only reference in the Letter to collection concerns the Defendant's in rem rights against the property that secures the Debt.  The Letter states "[w]hile your obligation to BAC Home Loans Servicing, LP may be discharged by operation of law, BAC Home Loans Servicing, LP has retained the ability to enforce its rights against the property securing this loan should there be a default."  This does not constitute an attempt to collect the Debt as a personal liability of the Plaintiffs.

II.

The second cause of action in the complaint is brought under Sections 1692f(1),

169c(a)(2), 1692d, 1692e, 1692e(5),  1692e(10), 1692f, and 1692d of the Fair Debt Collection Practices Act.   This court does not have jurisdiction over the second cause of action

"Federal bankruptcy courts, like the federal district courts, are courts of limited jurisdiction." *Canal Corp. v. Finnman ( In re Johnson )*, 960 F.2d 396, 399 (4th Cir.1992).  A court must have jurisdiction over the subject matter of a dispute before it may entertain that dispute.  It is necessary to first consider whether this court has jurisdiction over the subject matter of the dispute.  Questions concerning subject-matter jurisdiction may, and must, be raised by the court.  *See* Wright, Miller, Cooper & Freer, *Federal Practice and Procedure: Civil 3d,* § 3536, (2008).  (A court is under a continuing obligation to determine whether it has subject matter jurisdiction over matters that come before it.)

The Plaintiffs assert that this Bankruptcy Court "has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code."  The Complaint makes no reference to a particular paragraph of Section 1692.  Further, there is no provision in 15 U.S.C. § 1692 that confers jurisdiction on this court or on any court.  Section 1692k(d) of title 15 does provide that:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

This section does not separately confer jurisdiction upon any court that does not otherwise have jurisdiction over disputes arising under the FDCPA.  Rather, it provides a statute of limitations upon courts that do have jurisdiction over that act.

Federal Court jurisdiction over actions arising under laws of the United States such as the

7

Fair Debt Collections Practices Act are conferred on United States District Courts by 28 U.S.C. § 1331.  That section does not confer jurisdiction on bankruptcy courts.

Nor does this court have jurisdiction over the second cause of action under 28 U.S.C. § 1334.  United States District Courts "have original and exclusive jurisdiction of all cases under title 11," and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  1334(a)&(b).  The United States District Court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.  28 U.S.C. §§ 157(a).  The United States District Courts for the Western District of Virginia have referred bankruptcy matters to the Bankruptcy Courts for the Western District of Virginia by order.  This court has jurisdiction over all cases under title 11 and any or all proceedings arising under title 11, or arising in or related to a case under title 11.  It is proper to consider each of these four bases of jurisdiction in turn.

First this bankruptcy court has jurisdiction over cases under title 11.   A case under title 11 consists of all pleadings, proceedings and orders that are part of a bankruptcy case.  A case under title 11 consists of the whole of these things that concern a single estate, and not just one of them.   No single motion or complaint constitutes a case under title 11.  The second cause of action is not a case under title 11.

Second, this bankruptcy court has jurisdiction over matters that arise under title 11.  A matter that "arises under title 11" is one that is created by the bankruptcy code.  <u>See</u> 1 Collier on Bankruptcy, "Jurisdiction", ¶ 301.[3][c][I] (16th ed. rev.).  An action under the Fair Debt Collection Practices Act does not arise under the bankruptcy code.

8

This Court also has jurisdiction over matters that arise in a bankruptcy case. The Fourth Circuit has written:

> A proceeding or claim "arising in" Title 11 is one that is "not based on any right expressly related by title 11, but nevertheless, would have no existence outside of the bankruptcy." Therefore, a controversy "arises in Title 11" when it would have no practical existence *but* for the bankruptcy.

*Valley Historic Ltd. Partnership v. Bank of New York*, 486 F.3d 831, 835 (4th Cir. 2007). (Emphasis in original.) (Internal quotation marks, alterations, and citations omitted.) (As quoted with approval in *In re Kirkland*, 600 F.3d 310, 317 (4th Cir. 2010)). A cause of action brought under the FDCPA has practical existence outside of the context of a bankruptcy case and bankruptcy proceedings. It arises under 15 U.S.C. § 1692, et seq. Causes of action are brought under the statutes codified therein between parties apart from proceedings in bankruptcy. The Complaint does not arise in a case under title 11. Jurisdiction is not granted to this Court under this provision.

Finally, this court has jurisdiction over matters that are related to a case under title 11.

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.* [Citations omitted]. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedoms of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Pacor v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984) (Emphasis in original.). In 1996, the Fourth Circuit Court of Appeals adopted this test. *See Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.)*, 86 F.3d 364, 372 (4th Cir.), *cert. denied,* 519 U.S. 993, 117 S.Ct. 483, 136 L. Ed. 2d 377 (1996). In 2007, the Fourth Circuit Court of Appeals wrote:

> ...[F]or "related to" jurisdiction to exist at the post-confirmation stage, the claim

9

> must affect an integral aspect of the bankruptcy process-there must be a close nexus to
> the bankruptcy plan or proceeding. Practically speaking, under this inquiry matters that
> affect the interpretation, implementation, consummation, execution, or administration of
> the confirmed plan will typically have the requisite close nexus.

*Valley Historic*, 486 F.3d at 836-7. (Emphasis in original.) (Internal citations omitted).

In 2010, the Fourth Circuit Court of Appeals let issue an opinion emphasizing that bankruptcy courts do not have jurisdiction over matters that do not affect the administration of a bankruptcy estate. *See In re Kirkland*, 600 F.3d 310 (4th Cir. 2010). In *Kirkland*, the debtor borrowed money to attend college. Her Chapter 13 plan provided for the payment of all of the principal that she owed the creditor. The debtor completed her payments under the plan, and (wrongly) believed that all principal had been paid to the creditor and that she only owed interest on the debt. The Chapter 13 trustee had incorrectly returned about $4,700.00 to the debtor. After the case was closed, the creditor began billing the debtor for the balance of the claim that had not been paid through the Chapter 13 plan. The debtor subsequently filed an adversary complaint seeking a determination that the loan principal had been paid in full and that the debt had been discharged except to the extent that post-petition interest had accrued. The creditor argued that the debtor still owed the unpaid principal. The bankruptcy court agreed. The bankruptcy court also awarded interest but declined to award attorney's fees.

The creditor appealed to the District Court arguing that the bankruptcy court did not have jurisdiction over the post-petition interest and attorney's fees. The District Court held that the Bankruptcy Court had jurisdiction over the accrued post-petition interest and attorney's fees. The holding was based in part on the fact that "the post-petition interest and collection costs sought by [the creditor] in the Bankruptcy Court, for example, would not have even been at issue were it not for the maladministration of the bankruptcy plan and the initial bankruptcy

proceeding." Quoted in *Kirkland*, 600 F.3d at 316.

      The creditor appealed to the Fourth Circuit Court of Appeals. That Court held that the Bankruptcy Court did not have subject matter jurisdiction, including related-to jurisdiction, to determine how much post-petition interest the debtor owed the creditor because "[t]he claim exist[ed] irrespective of Kirkland's bankruptcy and had no effect on that proceeding or her bankruptcy estate." *Kirkland*, 600 F.3d at 318. In holding that the Bankruptcy Court did not have related-to jurisdiction over the interest and attorney's fees, the Fourth Circuit Court of Appeals made it clear that bankruptcy courts do not have related-to jurisdiction over causes of action that would exist irrespective of the bankruptcy case and that have no effect on the administration of the bankruptcy estate.

      While both *Valley Historic* and *Kirkland* were Chapter 13 cases and the case at bar is a Chapter 7 case, the holding in those cases is applicable herein. In Chapter 13, the creditors are paid pursuant to the terms of the debtor's confirmed plan of reorganization. In Chapter 7, the creditors are paid from the proceeds of the sale of the debtor's assets, or some of them. In order for this Court to have "related-to" jurisdiction over the Complaint and the concomitant proceeding, the claim must affect an integral aspect of the bankruptcy process and there must be a close nexus between the claim and the bankruptcy proceeding, such that the outcome of the dispute could conceivably have an effect on the administration of the bankruptcy estate.

      In this case, no such nexus exists and the outcome of the proceeding cannot conceivably have an effect on the administration of the bankruptcy estate. The chapter 7 trustee has filed a no-asset report with the Clerk of this Court. Further, the second cause of action, to the extent that it is viable, arose post-petition and is therefore not property of the estate. The second cause

of action is not sufficiently related to the administration of this estate to grant subject matter jurisdiction to this Court.

The Second cause of action will be dismissed on the court's motion.

### *Conclusion*

A judgment shall issue in favor of the Defendant regarding the first cause of action. An order shall issue dismissing the second cause of action.

Upon entry of this memorandum the Clerk shall forward copies to Marshall M. Slayton, Esq., and Bank of America.

Entered on this  27th   day of January, 2012.

_____
William E. Anderson
United States Bankruptcy Judge